*Court of Common Pleas, Dauphin County, July 3d,* 1856.

SHORT MOUNTAIN COAL COMPANY *v.* BOAS ET AL.

The absence of a *party* in attending the sessions of Congress or the State legislature is a good cause for continuing a case; but that of *counsel* is not, and the court will enter a nonsuit.

BY THE COURT.—In this case a motion was made for a continuance at January Term, 1856. The cause was immediately placed by the defendant on the trial list for an adjourned court in March, 1856. During both of these terms Mr. Tyson, president of the coal company, was absent at Washington, attending to his duties as a member of Congress. At the last-mentioned term the court refused to continue the cause, and the plaintiff's counsel was obliged to suffer a *nonsuit*. An application has been made to take it off, on the ground that Mr. Tyson was necessarily absent, both on account of his public duties, and because he was too much indisposed to attend with safety; the latter fact is testified to both by himself and his attending physician. We have been compelled, from a sense of duty to suitors in our courts, to decide and inflexibly adhere to the rule, that absence of counsel in attendance on Congress or the State legislature, is no reason for continuing a case. Without such a rule one-half of the cases pending would be postponed during the winter months, when our courts are generally held, as it very often happens that some prominent member of the bar is engaged in the councils of the State or nation, and it is the duty of the parties in such cases to employ other counsel. The rule is otherwise in regard to parties. If the party to a suit is absent in such public capacity, and therefore has been unable to prepare his case, or his personal attendance is necessary at the trial, and cannot be obtained consistently with his public duties, it is a good cause for a continuance. In which capacity Mr. Tyson stood is a little difficult to determine from the affidavits. He was president of the company, and the only person acquainted with the title. He had sold the land to the company, whether with or without warranty does not appear. Had it been established that he was a party in interest, having sole charge of the case in *that capacity*, we would have continued the cause. If he were merely acting as counsel, it was properly refused. When the court forces a case to a nonsuit, as a means of compelling promptness of action in preparing, it is rarely intended to subject the party to an entire loss of his claim, but merely to the costs of the suit; and we find the distinction frequently taken between cases where the statute will or will not operate as a bar (1 Penna. Practice, 526; Idem, 539, note (a)). Numerous other authorities might be cited to the same effect. It does not clearly appear in which capacity Mr. Tyson acted, or whether the statute will or will not bar the plain-

[Poffenberger *v.* The Susquehanna Railroad Company.]

tiff's claim; but we deem it our duty to take such a course as will be least likely to do injustice. If the statute will deprive the plaintiff of its rights, it is not our wish to turn it out of court, as our intention is to place the parties in the same situation as if a new suit were now brought, which can be effected by taking off the nonsuit on terms. Therefore, it is ordered that the nonsuit in this case be taken off, on condition that the plaintiff pays all the costs of the suit, and of all the collateral proceedings depending thereon, down to the present time, to be taxed in every particular as though this nonsuit had not been taken off. Neither the costs of suit, nor of the writs of *estrepement*, are at any time, or in any form of action, to be recovered by the plaintiff.

*McCormick and Aldricks, for plaintiff.*

*Lamberton and Fisher, for defendant.*